IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02778-BNB

MICHAEL K.[1] LOLLIS,

    Applicant,

v.

LOU ARCHULETA, Warden FCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Michael K. Lollis, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Lollis has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his convictions and sentences in six cases in the Arapahoe County District Court. The pertinent state court case numbers are 05CR2314, 05CR2626, 05CR3084, 08CR511, 08CR517, and 08CR523.

On November 4, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those

---

[1] Applicant's middle initial in the caption of the Application is "O." However, based on Applicant's signature on the Application and other documents filed in this action, it appears that his true middle initial is "K."

defenses in this action. On December 11, 2013, Respondents filed their Pre-Answer Response (ECF No. 13). Mr. Lollis has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Application liberally because Mr. Lollis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

The factual and procedural history of Mr. Lollis' plea proceedings, sentencing, and state court postconviction motions in his Arapahoe County cases, including a conviction in case number 07CR307 that he is not challenging in this action, was described by the Colorado Court of Appeals as follows:

> This appeal involves seven different district court cases in Arapahoe County. In December 2007, defendant pleaded guilty in case number 07CR307 to identity theft, and the court sentenced him to eight years in community corrections. While serving the community corrections sentence, defendant was arrested for sexual assault charges in Denver County.[2]
>
> Thereafter, the People filed the other six cases (case numbers 05CR2314, 05CR2626, 05CR3084, 08CR511, 08CR517, and 08CR523) against defendant in Arapahoe County. In September 2009, defendant pleaded guilty in those six cases to six counts of second degree kidnapping, seven counts of sexual assault, one count of first degree burglary, one count of aggravated robbery, two counts of robbery, two counts of felony menacing, one count of second degree assault, one count of third degree assault, and eight

---

[2] Applicant previously filed a habeas corpus action challenging his convictions and sentences in the Denver County cases. *See* 13-cv-01436-LTB (D. Colo. Sept. 6, 2013).

crime of violence counts.

Before sentencing, defendant filed identical pro se motions to withdraw the guilty pleas under Crim. P. 32(d) in all six cases, arguing that (1) the plea was not made knowingly, intelligently, or voluntarily because plea counsel did not properly advise him; (2) "he was unclear as to the elements of the plea [and] the fact that he was taking a plea" because he was on medication that altered his ability to comprehend; (3) plea counsel was ineffective because she did not perform an investigation; and (4) he had pleaded guilty under duress.

The district court appointed alternate defense counsel to represent defendant, and counsel determined that there was no legal basis to file the Crim. P. 32(d) motions. The district court denied the Crim. P. 32(d) motions at the sentencing hearing after giving defendant an opportunity to provide additional evidence or statements to substantiate his claims. He did not appeal the denial of those motions.

On February 19, 2010, the court sentenced defendant in accordance with the stipulated sentences in the plea agreements to a total of 120 years to life in the custody of the Department of Corrections (DOC). The court also revoked his community corrections sentence in case number 07CR307 and resentenced him to eight years in the custody of the DOC, to be served concurrently with the 120-year sentence.

On March 17, 2011, defendant filed identical pro se postconviction motions under Crim. P. 35(a) and (c) in six of the seven cases, asserting that:

- Plea counsel was ineffective when she (1) failed to conduct a thorough pretrial investigation, (2) told him not to cooperate with the presentence investigation and the sex offender evaluation, (3) failed to object when the court sentenced him without a sex offender evaluation, (4) coerced him to plead guilty, (5) failed to prepare for or present any witnesses or mitigating evidence on his behalf at the sentencing hearing, and (6) failed to file an appeal;
- Plea counsel was ineffective based on

3

> cumulative error;
>
> • Defendant was incompetent when he pleaded guilty because he was taking "tranqu[i]lizing medications" for depression and was unable to reason, concentrate, or effectively exercise judgment; and
>
> • The court erred when it sentenced him without a sex offender evaluation..
>
> The district court summarily denied defendant's motions in a single order. This appeal followed.

*People v. Lollis*, No. 11CA2093, slip op. at 1-4 (Colo. App. Oct. 25, 2012) (unpublished) (ECF No. 13-10 at 2-5). The Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(a) and (c) motions. *See id.* Mr. Lollis did not seek review in the Colorado Supreme Court after the Colorado Court of Appeals affirmed the trial court's order.

Although not mentioned by the Colorado Court of Appeals, Mr. Lollis also filed in the trial court a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure in five of the six cases he is challenging. The Rule 35(b) motion was filed on either April 18, 2010, or April 28, 2010. (*See* ECF No. 13-1 at 11 (05CR2314); ECF No. 13-2 at 9 (05CR2626); ECF No. 13-3 at 8 (05CR3084); ECF No. 13-4 at 8 (08CR511); ECF No. 13-5 at 8 (08CR517).) The trial court denied the Rule 35(b) motion on May 13, 2010. (*See* ECF No. 13-1 at 10 (05CR2314); ECF No. 13-2 at 9 (05CR2626); ECF No. 13-3 at 8 (05CR3084); ECF No. 13-4 at 8 (08CR511); ECF No. 13-5 at 7-8 (08CR517).) Mr. Lollis did not appeal.

On May 14, 2010, Mr. Lollis filed in the trial court a motion for appointment of counsel to assist him in preparing and filing a Rule 35(b) motion. (*See* ECF No. 13-7.)

On January 31, 2011, the trial court denied the motion for appointment of counsel as moot because the Rule 35(b) motion already had been filed and denied.  (*See* ECF No. 13-8.)

Mr. Lollis initiated the instant action on October 11, 2013.  He asserts the following two claims for relief in the Application:

1. Violation of due process because his guilty plea was involuntary.

2. Ineffective assistance of counsel and violation of compulsory process because counsel failed to investigate Mr. Lollis' mental impairment claims and obtain his mental health records.

Respondents first argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

>    diligence.
>
>    (2)  The time during which a properly filed application for
>    State post-conviction or other collateral review with respect
>    to the pertinent judgment or claim is pending shall not be
>    counted toward any period of limitation under this
>    subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which the judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that Mr. Lollis' conviction became final, and the one-year limitation period began to run, on April 4, 2010, when the time expired to file a direct appeal following his sentencing.  As noted above, the Colorado Court of Appeals stated in the order affirming the denial of Mr. Lollis' postconviction Rule 35(c) motions that Mr. Lollis was sentenced on February 19, 2010.  (*See* ECF No. 13-10 at 3.)  According to Respondents, the state court docket sheet in each of the six cases Mr. Lollis is challenging indicates he actually was sentenced on February 18, 2010.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Lollis was sentenced in February 2010, he had forty-five days to file a notice of appeal following his sentencing.  Because Mr. Lollis did not file a notice of appeal, Respondents are correct that the judgment of conviction became final when the time to file a notice of appeal expired.  Respondents also are correct that the forty-fifth day after February 18, 2010, was April 4, 2010.  However, because April 4, 2010, was a Sunday, the time to file a notice of appeal extended until Monday, April 5, 2010, even if Mr. Lollis was sentenced on February 18, 2010, as Respondents contend.  *See* C.A.R. 26(a).  Therefore, the Court finds that Mr. Lollis' conviction became final on April 5,

2010, when the time to file a direct appeal expired, regardless of whether he was sentenced on February 18 or February 19, 2010. Mr. Lollis does not argue that his conviction became final on some other date.

The Court also finds that the one-year limitation period began to run on April 5, 2010, because Mr. Lollis does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Lollis did not initiate this action within one year after April 5, 2010. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the postconviction Rule 35(b) motion Mr. Lollis filed was pending. The Court will assume that the Rule 35(b) motion was filed on April 18, 2010. As noted above, the Rule 35(b) motion was denied on May 13, 2010. Although Mr. Lollis did not appeal the trial court's orders denying the Rule 35(b) motion, the one-year limitation period was tolled until June 28, 2010, when the forty-five day period to appeal expired.[3]

The Court agrees with Respondents that the one-year limitation period was not tolled while the motion for appointment of counsel Mr. Lollis filed on May 14, 2010, was pending because the motion for appointment of counsel did not assert any substantive grounds for relief. *See Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motions for appointment of counsel in postconviction proceedings pursuant to

---

[3] The forty-fifth day after May 13, 2010, was Sunday, June 27, 2010. Therefore, the filing deadline extended until Monday, June 28, 2010. *See* C.A.R. 26(a).

Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period).

Respondents also concede that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the postconviction Rule 35(a) and (c) motions Mr. Lollis filed on March 17, 2011, were pending. As noted above, the Colorado Court of Appeals affirmed the trial court's order denying the postconviction Rule 35(a) and (c) motions on October 25, 2012. (*See* ECF No. 13-10.) Pursuant to Rule 52(b)(3) of the Colorado Appellate Rules, Mr. Lollis then had forty-two days to seek certiorari review in the Colorado Supreme Court but he did not do so. As a result, the Rule 35(a) and (c) motion tolled the one-year limitation period until December 6, 2012, when the time to file a petition for writ of certiorari to the Colorado Supreme Court with respect to those motions expired.

To summarize, the one-year limitation period commenced on April 5, 2010, and was tolled pursuant to § 2244(d)(2) from April 18, 2010, through June 28, 2010, while the postconviction Rule 35(b) motion was pending, and again from March 17, 2011, through December 6, 2012, while the postconviction Rule 35(a) and (c) motions were pending. However, any period of time after April 5, 2010, that was not tolled counts against the one-year limitation period. Thus, the 12 days after April 5, 2010, and before April 18, 2010, count against the one-year limitation period as do the 261 days after June 28, 2010, and prior to March 17, 2011. Together, the sum of these two periods of untolled time is 273 days. Therefore, when the one-year limitation period began to run again after the state court postconviction proceedings concluded on December 6, 2012, only 92 days (365 - 273 = 92) remained. In the absence of any further tolling, the one-

year limitation period expired in March 2013 and the instant action, which was not commenced until October 11, 2013, is time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Lollis fails to present any argument that would justify equitable tolling of the one-year limitation period. Therefore, the Court finds no basis for equitable tolling and the Application will be denied as time-barred. Because the Court finds that the entire action is untimely, the Court need not address Respondents' additional argument that the claims also are unexhausted or procedurally defaulted.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Application (ECF No. 1) is denied and the action is dismissed because the Application is untimely.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  21st  day of    January   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court